JOSEPH LEGAULT v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

July 22, 1904.

Nos. 13,916—(166).

**Authority to Employ Physician.**

Articles and by-laws of the Minneapolis Fire Department Relief Association considered, and *held* not to authorize or justify the employment by one of its officers of a physician, not the regular surgeon of the association, to render medical services for a member injured at a fire, for an indefinite length of time, without the authority of the board of trustees.

[1] Reported in 100 N. W. 666.

Action in the district court for Hennepin county to recover $3,707 for services rendered at defendant's request. The case was tried before Harrison, J., who granted a motion to dismiss upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee & Baldwin,* for appellant.

*Snyder & Gale,* for respondent.

LOVELY, J.

This action is brought by a physician to recover for two years' medical services in treating one Irwin Brown, who was a member of the defendant association, under the claim that the corporation became responsible for such services by reason of his employment through one of its officers to treat the patient, who was suffering as the result of injuries received at a fire in the city of Minneapolis. The rendition of the services, as well as their value, is not disputed, and at the trial it was offered to show that the vice president of the association engaged the plaintiff to render medical service in the care of the patient, and to treat him surgically also; that he was so treated for about two years personally, and by one of his assistants for a few months; that a bill for the latter services was rendered by the assistant, and paid by the association after being approved by the plaintiff; that a committee thereafter appointed by the trustees of the association requested the plaintiff to reduce the bill amounting to $3,707, which had been rendered, which was not done, and the bill was not paid; that the employment by the vice president was not countermanded, and defendant never made any other arrangement for the care and treatment of the patient while he remained under the charge of plaintiff. The trial court refused to permit the showing of these facts upon the ground that under the articles of incorporation of defendant the employment was not authorized, and no liability imposed on the association thereby, which ruling is brought into this court on appeal from a motion denying a new trial, and presents the question for review whether, under the articles of incorporation and by-laws a liability arose under the statements and conditions contained in the offer of proof.

A reading of the articles of the association shows that it was organized under title 3, c. 34, G. S. 1894, for the relief of members of the

Minneapolis Fire Department who became sick, injured, or disabled; for the purchase and maintenance of a burial place for the remains of its deceased members; the erection of monuments to mark such places; providing pensions, and other purposes for the benefit of members of the fire department not necessary to be mentioned. To this end funds are raised by annual contributions from the active members of the association, and by payments of certain moneys by the state of Minnesota under the provisions of the articles and by-laws.

The right of action by plaintiff against the association depends upon the conceded fact that the beneficiary, while a member, was injured on duty at a fire; that the vice president ordered him taken to a hospital at once, and employed plaintiff to have this done, and further to treat him for his disability and sickness thereafter. The plaintiff rests his claim to recover wholly upon the provision in the articles that the general purpose of the corporation shall be "to afford relief to such of its active members as may become sick, injured or disabled." The articles further provide that

> Any active member of the association who shall become sick or disabled so as to be unable to attend to his duties as a fireman, shall receive from the association while such sickness or disability continues such sum per week for sick benefits as may be designated by the by-laws.

With reference to the duties of the vice president of the association it is provided that,

> In case of an accident to any active member and his condition demands his immediate removal to a hospital the attending surgeon or any officer of the association may have such removal made at the expense of the association, and the president shall, as soon as practicable, call a meeting of the board of trustees,

seven in number, to take such action as they shall deem proper. The by-laws provide for the duties of a surgeon, who shall, upon notification from the president or vice president of injury or sickness to an active member, visit and examine him and make a report, and also provide for visits of such surgeon to the sick person, and for compensation at a specified rate for consultations by him, and other duties to be thus performed by that officer.

The plaintiff was not the surgeon of the association, but was called in under the emergency referred to, and had Brown removed to the hospital upon order of the vice president, and his acts in that respect may be conceded to have been within the purview and scope of the articles; but we are unable to find either in the articles or the by-laws any provision beyond those to which we have called attention for medical treatment, other than such as are directed and ordered by the board of trustees or by the regular surgeon of the association; and it is not claimed here that any request was made either by the beneficiary or by the vice president, who employed the plaintiff, to have attendance or service given by the physician of the company, or to have the necessity of treating the patient considered by the board of trustees; and it seems to us to be clear that there is no power to be found either in the articles or by-laws authorizing any other officer of the association, in case of the continued sickness of a member, to employ a physician to treat him indefinitely, and thus incur a large expenditure and impose burdens upon the members of the association.

While the general statement of the purpose of the association is to care for sick and disabled members, this is limited to the manner provided for in the articles and by-laws, and a contract for treatment not contemplated or prescribed therein cannot be reasonably implied—certainly not to the extent claimed by plaintiff; and all persons dealing with the association must be held to do so with full knowledge of the limitations contained therein. Nowhere in the articles is there a provision which extends the general statement of the purposes to care for disabled members by the employment of a physician other than the regular physician of the company to render services without the authority of the board of trustees after proper notification.

The plaintiff, who treated the beneficiary, did not place himself in a position, by reason of his demands for pay, to create a liability against the association by bringing the matter before the board of trustees, and in this way to apprise the association of his claim or demand, and receive therefrom such assurances as would justify him in proceeding to continue his services. The alleged contract was entirely subject to the restrictions and conditions in the articles and by-laws, and the acts of the trustee to whom notice was brought of the treatment by the plaintiff did not constitute, either directly or impliedly,

a promise to pay for the services, which could, upon elementary considerations, be held to constitute an estoppel against the association, if the association could be estopped from questioning the ultra vires acts of its officers.

Order affirmed.